FILED - USDC ALSD
FEB 27 '26 PM 2:35

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
### for the
Southern District of Alabama

_____ Division

Meiko Martin

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write □see attached□ in the space and attach an additional
page with the full list of names.)*

-v-

Stephanie Streeter

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write □see attached□ in the space and attach an additional page
with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 26-CV-65-TFM-B
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑Yes ☐No

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Meiko Martin |
| Street Address | 6906 Nicklaus Dr. N. |
| City and County | Mobile, AL 36618  Mobile |
| State and Zip Code | AL 36618 |
| Telephone Number | (251) 725-2790 |
| E-mail Address | 4packfans@comcast.net |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Stephanie Streeter
Director of Human Resources

Mobile, Mobile
AL

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question                    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42 U.S.C. § 1983 with a motion to proceed informa paupens
442 Civil Rights Employment

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

    b.    If the defendant is a corporation

        The defendant, *(name)* _____, is incorporated under

        the laws of the State of *(name)* _____, and has its

        principal place of business in the State of *(name)* _____.

        Or is incorporated under the laws of *(foreign nation)* _____,

        and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.    The Amount in Controversy

        The amount in controversy ⬚ the amount the plaintiff claims the defendant owes or the amount at stake ⬚ is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Plaintiff was terminated from her employment with DHR effective 6-4-24. The termination cited violations of Alabama Administrative Rule u 10-x-19.-01.(1)(9)(3) labeled "theft or unauthorized possession of company property." The underlying factual conduct involved plaintiff forwarding work-related emails to her personal email account at the direction of her ASEA union representative in connection with representation and internal workplace disputes. Plaintiff was never arrested, charged, or prosecuted for criminal theft or any criminal offense related to this conduct. The admin labeling of created a stigmatizing implication of criminal wrongdoing.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Loss of employment and income
Loss of future earning capacity
Reputational injury
Emotional distress and mental anguish
Damage to professional standing
Economic losses
(see attachment IV)

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Plaintiff incorporates paragraphs 1-10. Defendant, acting under color of state law, deprived Plaintiff of liberty and property interests without due process of law. The designation of Plaintiff's conduct under a rule labeled "theft" imposed a stigma that implied criminal wrongdoing. Plaintiff was not charged with, prosecuted for, or convicted of theft. The stigmatizing designation was coupled with termination of employment. Plaintiff was not afforded a meaningful name-clearing hearing to rebut the criminal implication associated with theft designation.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     2/27/26

Signature of Plaintiff     Meiko Martin

Printed Name of Plaintiff     MEIKO Martin

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

MEIKO MARTIN,
Plaintiff,

v.

STEPHANIE STREETER, in her individual capacity,
Defendant.

COMPLAINT FOR DAMAGES
(42 U.S.C. § 1983 – Procedural Due Process / Stigma-Plus)

I. JURISDICTION

1. This action arises under 42 U.S.C. § 1983.
2. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question).
3. Venue is proper in this District because the events giving rise to this action occurred within the State of Alabama.

II. PARTIES

4. Plaintiff Meiko Martin is a resident of Alabama and was employed by the Alabama Department of Human Resources ("DHR") beginning March 1, 2010.
5. Defendant Stephanie Streeter was, at all relevant times, the Human Resources Director for the Alabama Department of Human Resources. She is sued in her individual capacity for actions taken under color of state law.

III. FACTUAL ALLEGATIONS

6. Plaintiff was terminated from her employment with DHR effective June 4, 2021.
7. The termination cited violations of Alabama Administrative Rule 670-X-19-.01(1)(b)(3), labeled "Theft or unauthorized possession of company property."
8. The underlying factual conduct involved Plaintiff forwarding work-related emails containing confidential information to her personal email account at the direction of her Alabama State Employees Association ("ASEA") union representative in connection with representation and internal workplace disputes.
9. Plaintiff was never arrested, charged, or prosecuted for criminal theft or any criminal offense related to this conduct.
10. The administrative labeling of Plaintiff's termination under a rule titled "Theft" created a stigmatizing implication of criminal wrongdoing.

11. The theft designation carries a criminal connotation that extends beyond the underlying administrative conduct.

12. The stigmatizing label has been relied upon and referenced in subsequent proceedings and public contexts.

13. Although Plaintiff received written notice of the charges and attended an administrative hearing, she was not provided a meaningful opportunity to clear her name regarding the criminal implications associated with the theft designation.

14. Plaintiff was not provided a separate name-clearing hearing specifically addressing the criminal stigma associated with the theft designation.

15. Defendant Streeter personally participated in and approved Plaintiff's termination and the administrative findings under the theft rule.

16. As a result of the theft designation coupled with termination, Plaintiff has suffered reputational harm, loss of employment, emotional distress, and economic damages.

## IV. CLAIM FOR RELIEF
## COUNT I – PROCEDURAL DUE PROCESS (STIGMA-PLUS)

17. Plaintiff incorporates paragraphs 1–16.

18. Defendant, acting under color of state law, deprived Plaintiff of liberty and property interests without due process of law.

19. The designation of Plaintiff's conduct under a rule labeled "Theft" imposed a stigma that implied criminal wrongdoing.

20. Plaintiff was not charged with, prosecuted for, or convicted of theft.

21. The stigmatizing designation was coupled with termination of employment.

22. Plaintiff was not afforded a meaningful name-clearing hearing to rebut the criminal implications associated with the theft designation.

23. As a direct and proximate result of Defendant's actions, Plaintiff suffered damages including reputational injury, emotional distress, and economic harm.

## V. DAMAGES

24. As a direct and proximate result of Defendant's actions, Plaintiff has suffered substantial harm including, but not limited to:
- Loss of employment and income
- Loss of future earning capacity
- Reputational injury
- Emotional distress and mental anguish
- Damage to professional standing
- Economic losses

25. Plaintiff seeks all compensatory damages allowed by law in an amount to be determined by a jury.

26. Plaintiff seeks punitive damages against Defendant in her individual capacity for actions

taken under color of state law that violated Plaintiff's constitutional rights.

27. Plaintiff seeks costs of this action and any additional relief the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Meiko Martin
6986 Nicklaus Dr N
Mobile, AL 36618
Phone: 251-725-7790
Email: 4packfans@comcast.net
Plaintiff, Pro Se

Date: 2/27/26